KAUFMAN & KAHN, LLP
Mark S. Kaufman
 (Email:  kaufman@kaufmankahn.com)
747 Third Avenue, 32nd Floor
New York, NY  10017
Tel.:  (212) 293-5556

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

| | |
|---|---|
| CLOUD B, INC., | : |
| Plaintiff, | : Case No. 14-CV-2863<br>: (RJD-RML) |
| -- against -- | : **AMENDED COMPLAINT** |
| DGL GROUP LTD., VICTOR SARDAR and EZRA ZAAFARANI, | : |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

Plaintiff, Cloud B, Inc. ("Cloud B" or "plaintiff"), by its attorneys, as and for its Amended Complaint against defendant DGL Group Ltd. ("DGL"), Victor Sardar ("Sardar") and Ezra Zaafarani ("Zaafarani" or, together with DGL and Sardar, "defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement in violation of the copyright laws of the United States, namely, 17 U.S.C. § 501; infringement of federally registered trademarks and federal unfair competition, in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1115, 1116, 1117, 1118, 1124 and 1125; trademark infringement and unfair competition under the common law of the State of New York; and for violation of Section 360-1 of the New York General Business Law.

2. Plaintiff brings this action based on defendants' unauthorized sale and distribution of toys featuring plaintiff's TWILIGHT TURTLE copyrighted 2-dimensional and 3-dimensional works and trademarks. Plaintiff seeks preliminary and permanent injunctive relief, compensatory, statutory, and punitive damages, and recovery of their reasonable costs and attorneys' fees.

## THE PARTIES

3. Plaintiff, Cloud B, Inc., is a California corporation, having its principal office and place of business at 150 W. Walnut Street, Suite 100, Gardena, California 90248.

4. Upon information and belief, defendant DGL is a New York corporation, having a place of business in the State of New York and in this judicial district, with its address for purpose of the Department of State's service of process located at 33 34th Street, 5th Floor, Brooklyn, New York, 11232.

5. Upon information and belief, DGL is registered to do business in the State of New Jersey and operates its business at 195 Raritan Center Parkway, Edison, New Jersey 08837.

6. Upon information and belief, defendant Sardar resides at 2341 Ocean Parkway, Brooklyn, New York 11223.

7. Upon information and belief, at all relevant times, defendant Sardar held himself out as a "founding partner" of defendant DGL who has "led the company" and has been DGL's "Leading Sales Account Executive".

8. Upon information and belief, at all relevant times, defendant Sardar was and is a shareholder of defendant DGL.

9. Upon information and belief, at all relevant times, defendant Sardar was and is an officer of defendant DGL.

10. Upon information and belief, at all relevant times, defendant Sardar directly profited and profits from the conduct alleged herein.

11. Upon information and belief, at all relevant times, defendant Sardar used the email address popupdealz@gmail.com.

12. Upon information and belief, at all relevant times, defendant Sardar held himself out in email correspondence as "John Dealz".

13. Upon information and belief, at all relevant times, defendant Sardar was and is a moving, active and conscious force behind defendant DGL's trademark and copyright infringement.

14. Upon information and belief, at all relevant times, defendant Zaafarani was and is the Chief Executive Officer of defendant DGL and resides at 2357 East 2nd Street, Brooklyn, New York 11223-5345.

15. Upon information and belief, at all relevant times, defendant Zaafarani was and is a shareholder of defendant DGL.

16. Upon information and belief, at all relevant times, defendant Zaafarani directly profited and profits from the conduct alleged herein.

17. Upon information and belief, at all relevant times, defendant Zaafarani was and is a moving, active and conscious force behind defendant DGL's trademark and copyright infringement.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338, 1338(a) and 1338(b), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

19. This Court has personal jurisdiction over defendants on the grounds that, among other things, defendants are citizens of or reside in New York.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) and 1400(a) because defendants maintain offices and reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS COMMON TO ALL COUNTS

A. **Plaintiff's Ownership of the TWILIGHT TURTLE Marks and the TWILIGHT TURTLE 2-Dimensional and 3-Dimensional Works**

21. Prior to the acts of defendants alleged herein, Cloud B and its predecessors adopted, used and have continuously used more than two dozen trademarks on and in connection with the manufacture and sale in intrastate, interstate and foreign commerce of a range of electronic toys , including the following (the "TWILIGHT TURTLE Marks"):

| TRADEMARK | REGISTRA-TION DATE | REGISTRA-TION NO. | SERIAL NO. | DATE OF FIRST USE IN COMMERCE | GOODS/SERVICES |
|---|---|---|---|---|---|
| TRANQUIL TURTLE | October 11, 2011 | 4039700 | 85158497 | February 1, 2011 | Soft sculpture toy |
| TWILIGHT SEA TURTLE | October 9, 2012 | 4221512 | 85551491 | June 1, 2008 | Soft sculpture toy |
| TWILIGHT TURTLE | May 23, 2006 | 3096834 | 78548748 | March 16, 2005 | Soft sculpture toy |
| TWILIGHT TURTLE & FRIENDS | September 13, 2011 | 4026733 | 77913956 | October 28, 2009 | Electronic learning toys; Plush toys |

22. Cloud B also has continuously used and now is using the above trademarks for the goods set forth above, throughout the United States, including in the State of New York and this judicial district, since at least as early as the "Dates of First Use" set forth above.

23. In addition, since 2002, Cloud B has advertised for sale and sold its CLOUD B goods on its Internet website located at www.CloudB.com.

24. Cloud B owns several other trademark registrations and pending trademark applications for dozens of other trademarks, in connection with a variety of toys, electronics and accessories for children.

25. Cloud B's TWILIGHT TURTLE Marks are inherently distinctive and/or have acquired distinctiveness through secondary meaning by virtue of the use thereof throughout the United States, which has made it well-known to the trade and members of the purchasing public, and the trade and public have come to associate and identify the TWILIGHT TURTLE Marks with Cloud B.

26. As a result of its advertising, promotion and sales of merchandise bearing the TWILIGHT TURTLE Marks, and because of the superior quality of Cloud B's merchandise, the TWILIGHT TURTLE Marks have acquired goodwill of inestimable value.

27. Cloud B created and developed the 3-dimensional TWILIGHT TURTLE toy (the "TWILIGHT TURTLE Toy"), and owns a U.S. copyright registration for the TWILIGHT TURTLE Toy, Certificate of Registration No. VA 1-836-814, dated September 17, 2012.

28. Cloud B created and developed a 2-dimensional guide to the "constellations" projected by the toy (the "TWILIGHT TURTLE Star Guide") and owns a U.S. copyright registration for the TWILIGHT TURTLE Star Guide, Certificate of Registration No. VA 1-836-809, dated August 15, 2012.

29. Cloud B created and developed a 2-dimensinoal storybook (the "TWILIGHT TURTLE Storybook") and owns a U.S. copyright registration for the TWILIGHT TURTLE Storybook, Certificate of Registration No. VA 1-836-815, dated August 10, 2012.

30. Cloud B's TWILIGHT TURTLE Design, TWILIGHT TURTLE Star Guide and TWILIGHT TURTLE Storybook contain material wholly original with Cloud B and constitute copyrightable subject matter under the Copyright Law of the United States.

31. True and accurate color photocopies of the TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide and TWILIGHT TURTLE Storybook are annexed and made **Exhibit A** hereto.

32. True and accurate copies of the copyright registration certificates of the TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide and TWILIGHT TURTLE Storybook are annexed and made **Exhibit B** hereto.

### B. The Unlawful Activities of Defendants

33. Upon information and belief, defendant DGL is a wholesale seller of toys and electronics.

34. Upon information and belief, defendant DGL maintains a web site located at www.dglusa.com.

35. Upon information and belief, without plaintiff's authorization, consent or knowledge and without any remuneration to plaintiff, imported, sold, advertised, and distributed toys at tradeshows and on its website, which toys featured the trademarks "VIBE Starlight Turtle" and "Starlight Turtle".

36. Upon information and belief, defendants commenced offering the Infringing Toys for sale to retailers and to the general public after Cloud B created and obtained U.S. trademark registration for TWILIGHT TURTLE.

37. "VIBE Starlight Turtle" and "Starlight Turtle" are confusingly similar to TWILIGHT TURTLE.

38. Upon information and belief, the toys sold in connection with such trademarks are substantially similar in appearance to the TWILIGHT TURTLE Toy (the "Infringing Toys"), and are enclosed with booklets (the "Infringing Booklets") that depict the constellations purportedly beamed onto the ceilings by the Infringing Toys.

39. The "VIBE Starlight Turtle" and "Starlight Turtle" trademarks are confusingly similar to plaintiffs' TWILIGHT TURTLE Trademark.

40. The Infringing Toys are identical or nearly identical in design to the TWILIGHT TURTLE Toys.

41. The Infringing Booklets are substantially similar to the TWILIGHT TURTLE Star Guide and TWILIGHT TURTLE Storybook.

42. Upon information and belief, defendants are manufacturing, importing, distributing, advertising and selling, or causing to be manufactured, imported, distributed, advertised and sold, the Infringing Toys and Infringing Booklets.

43. Upon information and belief, defendants commenced offering the Infringing Toys for sale to retailers and to the general public after Cloud B created and obtained U.S. copyright registrations for the TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide, and TWILIGHT TURTLE Storybook.

44. All of defendants' acts as set forth herein were performed without the permission, license or authority of Cloud B.

45. As a result of defendants' acts of unfair competition, trademark and copyright infringement, Cloud B has suffered damages and lost gains, profits and advantages, all of which Cloud B is currently unable to ascertain.

## COUNT I:
## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 101. et seq.)

46. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 of this Amended Complaint with the same force and effect as if set forth herein.

47. The TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide, and TWILIGHT TURTLE Storybook are original works of visual art and text containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq*. Cloud B is the exclusive owner of rights under copyright in and to the TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide, and TWILIGHT TURTLE Storybook and owns valid federal copyright registrations for them. See Ex. B.

48. Defendants manufactured, imported, distributed, advertised and sold the Infringing Toys, or caused to be manufactured, imported, distributed, advertised and sold the Infringing Toys, that are substantially similar to the TWILIGHT TURTLE Toy and contain the Infringing Booklets that are substantially similar to the TWILIGHT TURTLE Star Guide and TWILIGHT TURTLE Storybook without authority or consent from Cloud B, as alleged above, thereby infringing Cloud B's exclusive rights under copyright in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

49. The Infringing Toys and Infringing Booklets are substantially similar, if not identical, to the TWILIGHT TURTLE Toy and TWILIGHT TURTLE Star Guide and TWILIGHT TURTLE Storybook which are the subjects of copyright registrations.

50. Defendants' acts constitute copyright infringement in violation of the exclusive rights of Cloud B under Section 106 of the Copyright Act, 17 U.S.C. § 106.

51. Defendants' infringement of Cloud B's rights under copyright is knowing and willful, has caused damages to Cloud B and enabled defendants to profit illegally therefrom.

52. Defendants' conduct has caused and will continue to cause irreparable injury to Cloud B unless enjoined by this Court. Cloud B has no adequate remedy at law.

## COUNT II:
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

53. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 of this Amended Complaint with the same force and effect as if set forth herein.

54. The Infringing Toys and Infringing Booklets sold by Defendants use copies, variations, simulations or colorable imitations of Cloud B's TWILIGHT TURTLE Mark and constitute false designations of origin, false descriptions and representations of goods sold by Defendants and false representations likely to mislead the trade and public into believing that Defendants' goods are sponsored, endorsed, licensed or authorized by or affiliated or connected with Cloud B.

55. Defendants' acts complained of herein constitute deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendants' acts of false designations of origin, and false descriptions and representations and unfair competition, have caused Cloud B irreparable harm for which it has no adequate remedy at law.

## COUNT III:
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

57. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 of this Amended Complaint with the same force and effect

as if set forth herein.

58. Defendants' adoption and use of trademarks confusingly similar to the TWILIGHT TURTLE Mark constitutes trademark infringement and unfair competition in violation of the common law of the State of New York.

59. Defendants' activities are designed with the intent to mislead and/or deceive the trade and public into believing that defendants is affiliated with, authorized, endorsed, sponsored and/or sanctioned by Cloud B or is connected or associated in some way with Cloud B, which it is not.

60. The acts and conduct of defendants complained of herein have damaged Cloud B and will, unless restrained, further impair, if not destroy, the value of the TWILIGHT TURTLE Marks and the goodwill associated therewith.

61. Defendants have engaged and continue to engage in this activity knowingly and willfully.

62. Defendants' acts of common law trademark infringement and unfair competition, unless enjoined by this Court, will continue to cause Cloud B to sustain irreparable damage, loss and injury for which Cloud B has no adequate remedy at law.

## COUNT IV:
## VIOLATION OF SECTION 360-1 OF THE NEW YORK GENERAL BUSINESS LAW

63. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 of this Amended Complaint with the same force and effect as if set forth herein.

64. Cloud B's TWILIGHT TURTLE Marks are distinctive.

65. Defendants' distribution and sale of the Infringing Toys is likely to dilute the distinctive quality of Cloud B's TWILIGHT TURTLE Mark and has, among other things,

reduced the selling power of Cloud B's mark and diminished its ability to serve as a source and product identifier.

66. Defendants' conduct described above constitutes, among other things, trademark dilution in violation of Section 360-L of the New York General Business Law.

67. As a direct and proximate consequence of defendants' willful and wanton dilution of Cloud B's mark and misconduct, Cloud B's business reputation and the goodwill associated with the TWILIGHT TURTLE Marks and the favorable associations that consumers and the public make with the mark have been impaired and diminished, and the TWILIGHT TURTLE Marks have been and are likely to be diluted.

68. Defendants' acts have caused Cloud B irreparable harm for which it has no adequate remedy at law.

**WHEREFORE**, plaintiff prays for the following relief:

1. Defendants, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it or them or any of them, be permanently enjoined and restrained from:

   (a) Using any aspects or features that incorporate, or are substantially identical or confusingly similar to, Cloud B's TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide, TWILIGHT TURTLE Storybook or TWILIGHT TURTLE Marks (including but not limited to the "Starlight Turtle" trademark), or that are likely to create an erroneous impression that Defendants' merchandise originates from Cloud B, or is authorized, endorsed, sponsored, and/or sanctioned by Cloud B, or is connected or associated in some way with Cloud B and from otherwise infringing Cloud B's rights;

(b) Advertising, distributing, offering for sale, or selling any toys or electronics that bear Cloud B's TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide, TWILIGHT TURTLE Storybook or TWILIGHT TURTLE Marks, or any design, text or trademark that is deceptively similar to Cloud B's TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide, TWILIGHT TURTLE Storybook or TWILIGHT TURTLE Marks (including but not limited to the "Starlight Turtle" trademark) so as to be likely to cause confusion, to cause mistake or to deceive persons into the erroneous belief that Defendants' merchandise originates from Cloud B, or is authorized, endorsed, sponsored and/or sanctioned by Cloud B, or is connected or associated in some way with Cloud B and from otherwise infringing Cloud B's rights;

(c) Using, in connection with Defendants' activities, toys or electronics, any false or deceptive designation, representation or description, or from engaging in any act or series of acts, which either alone or in combination constitute deceptive trade practices or unfair methods of competition with Cloud B that would damage or injure Cloud B or give Cloud B an unfair competitive disadvantage in the marketplace, and otherwise interfering with or injuring the business reputation of Cloud B;

(d) Doing any other act or thing likely to result in the mistaken belief that defendants or their merchandise are in any way affiliated or connected with Cloud B; and

(e) Doing any other act or thing likely to cause or attempt to cause injury to Cloud B, or the goodwill associated therewith;

2. Defendants, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it or them or any of them, be immediately, during the pendency of this action and permanently

enjoined and restrained from infringing Cloud B's copyrights in any manner, and from selling, marketing or otherwise disposing of (including but not limited to any consignment of) any and all Infringing Toys and Infringing Booklets, in any color scheme, size or shape,

3. Defendants be required to account to Cloud B for all gains, profits and advantages relative to Defendants' infringement of Cloud B's copyrights in the TWILIGHT TURTLE Toy, TWILIGHT TURTLE Star Guide, and TWILIGHT TURTLE Storybook, and to pay to Cloud B either (a) compensatory damages Cloud B has sustained in consequence of such infringement or (b) statutory damages, in the amount of up to $150,000 per infringement, pursuant to 17 U.S.C. § 504;

4. Defendants be required to account to Cloud B for any and all profits derived by them in connection with infringing the TWILIGHT TURTLE Marks, and for all damages sustained by Cloud B, by reason of Defendants' acts complained of herein, and that such damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

5. Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, defendants be required to deliver for destruction all Infringing Toys, catalogs, prints, labels, packaging, wrappers, receptacles, advertisements, promotional materials, sales literature, contracts, documents, materials, and the like in the possession, custody or control of defendants, which might, if used, violate the injunction sought herein;

6. Defendants be required to recall and deliver to Cloud B for destruction of all infringing toys and electronics, catalogs, prints, labels, packaging, wrappers, receptacles, advertisements, promotional materials, sales literature, contracts, documents, materials, and the like, in the possession or under the control of defendants or any of their respective officers, directors, servants, agents, employees, attorneys or other parties in active concert or participation

with it or them or any of them;

7. Cloud B be awarded compensatory damages in an amount to be determined at trial;

8. Cloud B be awarded punitive damages against defendants in an amount to be determined at trial;

9. Cloud B have and recover from defendants Cloud B's reasonable attorneys' fees, costs and disbursements of this civil action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and the Copyright Act, 17 U.S.C. § 505; and

10. Cloud B have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 2, 2014

                      KAUFMAN & KAHN, LLP

                      By: _____
                      Mark S. Kaufman
                      Attorneys for Plaintiff, Cloud B, Inc.
                      747 Third Avenue, 32nd Floor
                      New York, NY 10017
                      Tel.: (212) 293-5556
                      Email: kaufman@kaufmankahn.com